The undersigned have reviewed the prior Opinion and Award based upon the record of the proceedings before Deputy Commissioner W. Bain Jones, Jr., and the briefs and oral arguments before the Full Commission. The appealing party has not shown good ground to reconsider the evidence, receive further evidence, rehear the parties or their representatives, or amend the Opinion and Award, with the exception of the modification of the temporary total disability issue.
***********
The Full Commission finds as fact and concludes as matters of law the following, which were entered into by the parties at the hearing as:
STIPULATIONS
1. The parties are subject to and bound by the provisions of the North Carolina Workers' Compensation Act.
2. At all relevant times, an employment relationship existed between the plaintiff and the defendant/employer.
3. The alleged date of injury in this case is 21 June 1994.
4. The PMA Group is the carrier on risk for this matter.
5. The parties stipulated as to a Form 22 from which the average weekly wage would be determined.
6. The parties stipulated into evidence a packet of medical records which included the following: (a) medical records from Cape Fear Medical Center, (b) medical records of Deon Faillace, M.D., (c) medical records of Kathleen Halvin, M.D.
*************
The Full Commission adopts the findings of fact found by the Deputy Commissioner, with minor modifications, as follows:
FINDINGS OF FACT
1. Plaintiff has a twelfth grade education.
2. On June 21, 1994, plaintiff was employed by defendant/employer as a group home manager. On the days that plaintiff/employee worked at the home, she was the live-in supervisor for five mentally retarded adults. The plaintiff was responsible for driving residents to activities and doctor's appointments, cooking and cleaning, ordering food and other supplies and maintaining any paperwork associated with running the home.
3. On June 21, 1994, a picnic for the residents of three group homes had been scheduled to take place around 4:00 p.m. While setting up for the picnic, a splinter from the frame of a wooden picnic basket lodged in plaintiff's right thumb. Plaintiff had to be assisted by two other group home managers in order to remove the splinter.
4. At the time of this injury, plaintiff's average weekly wage was $470.00, yielding a compensation rate of $266.98.
5. Prior to and on the date of injury, plaintiff had a condition known as lymphedema, which resulted as a complication of a right radical mastectomy and a lymph node dissection performed in 1990 and subsequent radiation therapy.
6. As a result of plaintiff's lymphedema, the plaintiff's right arm was approximately two times its normal size. Plaintiff wore compression garments, including a special sleeve and a glove to help reduce the swelling in her arm.
7. Following her mastectomy, the condition of plaintiff's lymphedema had been followed by Dr. Kathleen Havlin, an Assistant Professor of Medicine of the Division of Hematology and Oncology at Duke University. In 1992, plaintiff began treating with Dr. Deon Faillace, a general surgeon with an interest in breast cancer, so she could have a consulting physician in her geographical area.
8. As a result of this lymphedema, plaintiff was particularly susceptible to infection of the right arm, such that a minor, abrasion, cut or puncture of the skin, such as a wood stick from a picnic basket could cause a life threatening infection.
9. As a result of her injury and her susceptibility to infection, plaintiff developed cellulitis infection in her right hand and arm which manifested itself by June 26, 1994.
10. Plaintiff was admitted to Cape Fear Medical Center on June 26, 1994 under the care of Dr. Faillace with the primary diagnosis of cellulitis and complaints of right arm pain, nausea, vomiting and fever. The plaintiff was treated intravenously with antibiotics over a seven day in-patient stay.
11. Plaintiff was discharged from the Cape Fear Valley Medical Center on July 3, 1994.
12. On 21 June 1994 plaintiff sustained an injury by accident to her finger which resulted in cellulitis.
13. As a result of plaintiff's compensable cellulitis, plaintiff was unable to work or earn wages from 21 June 1994 through 3 July 1994.
14. At the time plaintiff was discharged from Cape Fear Valley Hospital on 3 July 1994, plaintiff's cellulitis had resolved and any continuing disability plaintiff experienced was as the result of her pre-existing lymphedema. Plaintiff's condition of lymphedema returned to the same level upon discharge from the hospital as it existed prior to plaintiff's compensable injury on 21 June 1994.
15. Plaintiff did not return to work for defendant-employer due to fear of being injured. Plaintiff's continuing fear of returning to work is based on her pre-existing condition of lymphedema and knowledge a minor cut may develop into a life-threatening condition.
16. The defendants have not unreasonably defended this matter.
**************
Based upon the findings of fact, the Full Commission concludes as follows:
CONCLUSIONS OF LAW
1. On 21 June 1994 plaintiff sustained an injury by accident arising out of and in the scope of her employment with defendant-employer which resulted in cellulitis infection in her right hand. North Carolina General Statute Section 97-2(6).
2. As a result of her compensable injury, plaintiff is entitled to temporary total disability from 21 June 1994 through 3 July 1994 at her compensation rate of $266.98. However, plaintiff is not entitled to compensation for the first seven calendar days of disability resulting from her injury by accident. North Carolina General Statute Section 97-29; North Carolina General Statute Section 97-28.
3. Defendant has not unreasonably defended this action, therefore, plaintiff is not entitled to attorney's fees. North Carolina General Statute Section 97-88.1
**************
Based on the foregoing findings of fact and conclusions of law, the Full Commission affirms the holding of the Deputy Commissioner and enters the following:
AWARD
1. Subject to a reasonable attorney fee herein approved, the defendants shall pay temporary total disability compensation to the plaintiff at a rate of $266.98 per week for the period 21 June 1994 through 3 July 1994; however plaintiff is not entitled to compensation for the first seven calendar days of disability resulting from an injury. Said amount shall be payable in a lump sum.
2. A reasonable attorney fee of twenty-five percent (25%) of the compensation awarded plaintiff in Paragraph 1 of this AWARD is hereby approved, to be deducted from sums due plaintiff and paid directly to plaintiff's counsel.
3. Defendants shall pay all medical expenses incurred by plaintiff as a result of her compensable injury on 21 June 1994, when bills for the same shall have been submitted to the Industrial Commission pursuant to approved Industrial Commission procedure.
4. Defendants shall pay the costs.
This the ______ day of August, 1997.
 S/ ____________________ THERESA B. STEPHENSON DEPUTY COMMISSIONER
CONCURRING:
S/ _______________ LAURA K. MAVRETIC COMMISSIONER
S/ _______________ PAMELA T. YOUNG DEPUTY COMMISSIONER